*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## OPINION

No. 04-11-00294-CV

**IN THE INTEREST OF D.C.C.** and E.F.M.

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-00389
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice
Concurring Opinion by:  Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  December 7, 2011

AFFIRMED

This is an appeal from the trial court's order terminating appellant's parental rights to her

two children.  We affirm.

## PARTICIPATION AT TRIAL

Because appellant was incarcerated she did not participate in the termination trial.  When

the termination trial commenced, the trial court asked for announcements and appellant's trial

counsel stated as follows:

> Yes, Your Honor, I requested that [appellant] be here, the mother, but she had
> been moved from County recently and I wasn't aware.  She's at SAFP, which is
> not County, so she couldn't be here, so therefore I'm not ready.

The trial court decided to go forward with the trial.

At the new trial hearing, counsel argued as follows:

> One, I announced not ready at trial because I was not aware that [appellant] had been transferred to the TDC facility in the Henley Unit . . . . And I had actually put in a request with the Court to have her brought through video conference from Bexar County, because up until I guess just a few days before the trial that's where she was, and that's the impression that I was under that she was still there. Unfortunately she wasn't there so we weren't able to get her here. I announced not ready and my not ready was denied. I believe that's one reason we are entitled [to a new trial].

The trial court denied the motion for new trial.

In her first issue, appellant asserts the trial court erred by not making arrangements for her participation.

Litigants cannot be denied access to the courts simply because they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). However, an inmate does not have an absolute right to appear in person in every court proceeding. *Id.* "Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity." *Id.* Texas courts recognize a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant. These factors include the cost and inconvenience of transporting the inmate to the courtroom; the security risk the inmate presents to the court and public; whether the inmate's claims are substantial; whether the matter's resolution can reasonably be delayed until the inmate's release; whether the inmate can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the inmate's presence is important in judging her demeanor and credibility; whether the trial is to the court or a jury; and the inmate's probability of success on the merits. *Id.* at 165-66. The inmate bears the burden of identifying with sufficient specificity the grounds for the ruling she seeks and providing factual information to the trial court to assess the necessity of the inmate's appearance. *Id.* at 166.

On appeal, appellant first notes that her trial counsel was not asking for a bench warrant, but was, instead, seeking arrangements for her to participate via video conference from the correctional facility in which she was being held. Appellant asserts that, notwithstanding her attorney's compliance with court "protocol" for her video participation, no arrangements were made. Under these circumstances, appellant argues the trial court abused its discretion. However, the record does not support an argument that the trial court abused its discretion by failing to allow appellant's participation via video conferencing. At trial, appellant did not satisfy her burden of identifying with sufficient specificity the grounds for the ruling she sought and providing factual information to the trial court to assess the necessity of her appearance. Also, appellant did not argue below, and does not argue on appeal, that her interest in appearing outweighed the impact on the judicial system. Therefore, the record does not support a conclusion that the trial court erred.

## EFFECTIVE ASSISTANCE OF COUNSEL

The trial court terminated appellant's parental rights to both of her children upon a finding that termination was in the children's best interest and that appellant (1) constructively abandoned her children; (2) failed to comply with provisions of a court order setting forth actions necessary for her to obtain the return of the children; and (3) used a controlled substance in a manner that endangered the children and she failed to complete a court-ordered substance abuse treatment program or after completion of the program continued to abuse a controlled substance. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O), (P), (2) (West 2008). In her second and final issue on appeal, appellant asserts trial counsel was ineffective for failing to object at trial or in a motion for new trial that the evidence did not support a finding under ground (2) as to one of the children.

Texas Family Code section 161.001(1)(O) provides for termination upon a finding that a parent

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services *for not less than nine months* as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child . . . .

*See id.* § 161.001(1)(O) (emphasis added).

According to appellant the evidence is legally and factually insufficient to support a finding under subsection (O) because one of the children was less than seven months old when the termination trial commenced. Therefore, appellant concludes counsel was ineffective for not raising this objection below.

A parent in a parental termination proceeding is entitled to effective assistance of counsel, a right which is assessed under the same standard as that set for criminal defense counsel in *Strickland v. Washington*, 466 U.S. 668, 681 (1984). *In re M.S.*, 115 S.W.3d 534, 544-45 (Tex. 2003). To demonstrate ineffective assistance in a given case, a parent must first show that counsel's performance was deficient; once deficiency has been established, the parent must show that counsel's deficient performance prejudiced the parent's case. *Id.* at 545. Concerning whether a particular representation was deficient, we must consider all circumstances surrounding the case and determine whether counsel was "reasonably effective." *Id.*

The record is silent as to why counsel did not object. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (silent record will not support ineffective assistance claim). However, even if counsel was ineffective, appellant has not established prejudice because, on appeal, she does not challenge the sufficiency of the evidence as to the other two grounds for

terminating her rights to this child. Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Because appellant does not challenge the sufficiency of two other predicate findings, we cannot conclude appellant was prejudiced by counsel's performance.

Sandee Bryan Marion, Justice