

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00529-CV

Lorenzo **FRANKS**
Appellant

v.

Arnold S. **ZWICKE**, Sheriff, and Deputies of the Guadalupe County Sheriff's Department,
Appellees

From County Court at Law No. 1, Guadalupe County, Texas
Trial Court No. 2012-CV-0105
Honorable Linda Z. Jones, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  April 17, 2013

AFFIRMED

Appellant Lorenzo Franks, a prison inmate, appeals the trial court's judgment granting the plea to the jurisdiction filed by appellees Arnold S. Zwicke, Sheriff, and Deputies of the Guadalupe County Sheriff's Department (collectively "Zwicke"). Franks argues the trial court erred in: (1) granting Zwicke's plea to the jurisdiction based on governmental immunity; (2) holding a hearing in his absence; (3) making no findings of fact and conclusions of law; and (4) dismissing his claim with prejudice. We affirm the trial court's judgment.

**BACKGROUND**

Deputies from the Guadalupe County Sheriff's Office were dispatched to investigate a potential break-in at a Guadalupe County facility. Upon arrival, the deputies discovered a break-in in progress and an unknown subject, later identified as Franks, lying underneath a truck inside the garage area of the facility.

Franks was instructed multiple times to move out from underneath the truck. Although he was awake and opened his eyes several times to view the officers, Franks refused to comply with the deputies' commands. After noticing Franks had a knife, the deputies sprayed Franks with oleoresin capsicum ("OC") and pulled him from under the truck. Franks refused to cooperate with the deputies and spit on one of them. The deputies restrained Franks and called Emergency Medical Services at the time of the arrest for the purpose of OC decontamination.

Franks admitted he was under the influence of alcohol, cocaine, and Xanax at the time of his arrest. Franks had a box cutter and several other items he apparently used to force his way into the facility. Franks also had keys to a stolen vehicle in his pocket. Although Franks claimed he had no previous arrests, deputies later determined Franks had been using the alias "Freddie Lee Walker," and had been convicted multiple times for burglary, theft, and larceny.

Months after his conviction, Franks filed a petition with the justice court alleging claims for personal injuries suffered during his arrest. Franks claimed the deputies knocked out four of his teeth by "intentionally" hitting him during his arrest. Franks did not plead a waiver of immunity under the Texas Tort Claims Act.

Zwicke filed a plea to the jurisdiction, plea in abatement, and original answer asserting governmental immunity. Furthermore, Zwicke pled Franks's claims should be abated because he

failed to present his claims to the Guadalupe County Commissioner's Court prior to filing suit in accordance with section 89.004 of the Texas Local Government Code.

Franks filed a response and a notice with the Commissioner's Court. A notice of hearing on the plea was mailed to Franks, and a bench warrant was issued. The justice court granted Zwicke's plea to the jurisdiction and dismissed Franks's claims with prejudice.

Franks appealed to the county court. After a hearing was set, Franks filed two motions requesting a bench warrant to attend the hearing, but the trial court did not rule on his motions. At the hearing, the trial court asked Zwicke to submit additional authority on the court's ability to grant a plea to the jurisdiction in Franks's absence. After hearing arguments and reviewing the additional authority provided by Zwicke, the trial court affirmed the granting of the plea to the jurisdiction. Franks then perfected this appeal.

## ANALYSIS

Franks argues the trial court erred in: (1) granting Zwicke's plea to the jurisdiction based on governmental immunity; (2) holding a hearing in his absence; (3) making no findings of fact and conclusions of law; and (4) dismissing his claim with prejudice.

### *Plea to the Jurisdiction*

#### *Standard of Review*

Governmental immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). A plea to the jurisdiction challenges a court's authority to determine the subject matter of the action. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 387 (Tex. App—Fort Worth 2008, no pet.) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). Therefore, a claim

of governmental immunity is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226.

Whether a court has subject matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction are questions of law. *Id.*; *Perez v. City of Dallas*, 180 S.W.3d 906, 909 (Tex. App—Dallas 2005, no pet.). Accordingly, an appellate court should review de novo a challenge to the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226; *Perez*, 180 S.W.3d at 909.

A government employee has the same governmental immunity from suit in his official capacity as his employer, unless he has acted ultra vires. *Univ. of Tex. Health Sci. Center at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009)); *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) ("When a state official files a plea to the jurisdiction, the official is invoking the sovereign immunity from suit held by the government itself."). Even then, "the suit is, for all practical purposes, against the state." *Heinrich*, 284 S.W.3d at 373.

*Application*

Franks sued Sheriff Zwicke and the individual arresting deputies for injuries he allegedly suffered during his arrest. However, in his pleadings, Franks did not specify whether he was suing the sheriff and the deputies in their official or individual capacities. Generally, when a plaintiff sues government officials and employees, but does not indicate whether the employees are sued in their official or individual capacity, they are sued in their official capacity. *See Bailey*, 332 S.W.3d at 401 (noting suit against government officers is in effect suit against state itself); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (noting plaintiff must decide at outset whether governmental employee acted independently and is solely

liable, or if he acted within general scope of his or her employment such that governmental unit is vicariously liable); TEX. CIV. PRAC. & REM. CODE § 101.106(f) ("If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment . . . the suit is considered to be against the employee in the employee's official capacity only.").

In this case, Franks sued Sheriff Zwicke and the deputies for actions that allegedly occurred during his arrest, and thus during the scope of the sheriff's and deputies' employment. Accordingly, we hold Franks sued the sheriff and deputies in their official capacity. *See id.* § 101.106(f). To the extent the sheriff and the individual deputies have been sued by Franks, it is a suit against the governmental entity—in this case, Guadalupe County. *See Bailey*, 332 S.W.3d at 401. Accordingly, Franks's claims against the sheriff and the individual deputies were subject to a plea to the jurisdiction based on governmental immunity.

Governmental immunity constitutes immunity from both suit and liability. *Miranda*, 133 S.W.3d at 224; *Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Benavides Indep. Sch. Dist.*, 221 S.W.3d 732, 734 (Tex. App.—San Antonio 2007, no pet.). Immunity from suit deprives a court of subject matter jurisdiction and bars a suit against a governmental entity unless there is a clear and unambiguous waiver of that immunity. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842–43 (Tex. 2009); *Miranda*, 133 S.W.3d at 224.

Guadalupe County is a governmental unit entitled to governmental immunity, and thus, to immunity from suit. *Catalina Dev., Inc. v. Cnty. of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003) (noting county is governmental unit protected by sovereign immunity); TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (West 2011) (defining governmental unit, among other things, as political subdivision of state including any county). When filing a suit for damages against a

governmental entity, the plaintiff must affirmatively plead and prove the court's jurisdiction to hear the lawsuit under some statute that waives the governmental entity's immunity from suit, namely the Texas Tort Claims Act ("TTCA"). *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Because Franks did not allege a waiver of immunity in his petition, his claims were properly dismissed.

Even if we were to consider whether Zwicke waived immunity under the TTCA, we would find no such waiver occurred. Under the TTCA, governmental entities waive their immunity from suit in narrowly defined circumstances, including suits against governmental units for personal injuries or property damage caused by: (1) the use of motor-driven vehicle or equipment; (2) a condition or use of tangible personal or real property; or (3) a premise defect. TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.022.

Franks's claims do not arise from the use of a motor-driven vehicle; do not arise from a condition or use of tangible personal property; nor do they arise from a premise defect. Rather, Franks alleged intentional acts by the Guadalupe County sheriff and deputies—specifically, that the officers hit him in the face, mouth, arms, and legs during his arrest. If true, we find these alleged acts would amount to an assault,[1] and are not covered under the TTCA, as the statute states it does not apply to claims arising out of an intentional tort by a government employee. *See Harris Cnty., TX v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA."); TEX. CIV. PRAC. & REM. CODE § 101.057(2) (noting TTCA does not apply to claim arising out of

---

[1] A person commits an assault by: (1) intentionally, knowingly, or recklessly causing bodily injury to another; (2) intentionally or knowingly threatening another with imminent bodily injury; or (3) intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX. PENAL CODE ANN. § 22.01(a) (West 2011).

assault, battery, or any other intentional tort). Because we find the facts pled by Franks would amount to an intentional tort, we hold Zwicke did not waive immunity under the TTCA. Thus, we hold Franks's claims were properly dismissed, and the trial court did not err in affirming the granting of the plea to the jurisdiction. We overrule Franks's first point of error.

### Failure to Rule on Motion for Bench Warrant

Franks next contends the trial court erred in failing to rule on his motions for a bench warrant and denying his right to be present at the hearing where the court decided on the plea to the jurisdiction.

### Standard of Review

We review the trial court's failure to rule on Franks's request for a bench warrant under an abuse of discretion standard. *See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003); *In re B.N.B.*, No. 04-04-00026-CV, 2005 WL 236665, at *2 (Tex. App.—San Antonio Feb. 2, 2005, no pet.) (mem. op.). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles." *Larson v. Downing*, 197 S.W.3d 303, 304–05 (Tex. 2006) (quoting *Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996)). If there is a legitimate basis in the record to support the ruling, we must uphold it. *E-Z Mart Stores, Inc. v. Ronald Holland's A-Plus Transmission & Auto., Inc.*, 358 S.W.3d 665, 674 (Tex. App.—San Antonio 2011, pet. denied) (citing *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

### Application

Franks submitted two motions requesting the trial court to issue a bench warrant so he could attend the hearing where the trial court would decide on the plea to the jurisdiction. However, the record shows the trial court did not rule on either motion. In fact, at the beginning of the hearing, the trial judge recognized it had forgotten to "pick [Franks] up from jail."

Franks argues litigants cannot be denied access to the courts simply because they are inmates. *See Z.L.T.*, 124 S.W.3d at 165; *In re D.C.C.*, 359 S.W.3d 714, 716 (Tex. App.—San Antonio 2011, pet. denied). However, an inmate does not have an absolute right to appear in person in every court proceeding. *Z.L.T.*, 124 S.W.3d at 165; *D.C.C.*, 359 S.W.3d at 716. Texas courts of appeals have recognized a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant. *Z.L.T.*, 124 S.W.3d at 165. These factors include:

> the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits.

*Id.* at 165–66. It is the inmate's burden to show the trial court why his presence is warranted. *Id.* at 166; *In re A.W.*, 302 S.W.3d 925, 929 (Tex. App.—Dallas 2010, no pet.).

In a plea to the jurisdiction, where the plaintiff adduces no evidence of the jurisdictional issue before the court, as in this case, courts look solely to the pleadings to determine whether the trial court's jurisdiction was properly invoked. *See Miranda*, 133 S.W.3d at 227 (noting if pleadings affirmatively negate existence of jurisdiction, then plea to jurisdiction may be granted without allowing plaintiff opportunity to amend); *see also City of Garland v. Rivera*, 146 S.W.3d 334, 337 (Tex. App.—Dallas 2004, no pet.).[2]

---

[2] Some courts go as far as stating that it is "irrelevant" whether appellant receives appellees' plea to the jurisdiction or notice to the hearing when the plea has merit. *See, e.g.*, *Mann v. Gabriel*, No. 11–10–00265–CV, 2012 WL 2865811, at *2 (Tex. App.—Eastland July 12, 2012, no pet.) (mem. op.) (noting plaintiff's due process rights are not violated and party is not entitled to notice or opportunity to respond when court dismisses claim on merits for lack of subject-matter jurisdiction) (citing *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003)); *Martinez v. State*, No. 13–10–00076–CV, 2011 WL 861059, at *2 (Aug. 14, 2011 Tex. App.—Corpus Christi, no pet.) (mem. op.) (noting it is irrelevant if plaintiff participates in plea to jurisdiction hearing if he has failed to allege facts conferring jurisdiction on court).

In this case, Franks had an opportunity to attend the justice court's hearing on the plea to the jurisdiction at which he produced no evidence. However, he was unable to attend the county court's appeal hearing because the court never ruled on his motions for a bench warrant. We hold the trial court did not abuse its discretion in proceeding with the hearing in Franks's absence because Franks failed to affirmatively plead any facts that would subject his claim to the court's jurisdiction and to make the required showing that his presence was needed at the hearing. *See Z.L.T.*, 124 S.W.3d at 166. Therefore, we overrule Franks's second point of error.

### *Failure to Issue Findings of Fact and Conclusions of Law*

Franks next argues the trial court erred in failing to issue findings of fact and conclusions of law. A party who desires findings of fact and conclusions of law must file a request with the trial court within twenty days after the judgment is signed. *See In re Guthrie*, 45 S.W.3d 719, 722 (Tex. App.—Dallas 2001, pet. denied); TEX. R. CIV. P. 296. In this case, the trial court's judgment on the plea to the jurisdiction was signed on June 18, 2012. Franks filed his request for findings of fact and conclusions of law on July 20, 2012. Therefore, Franks's request was untimely. Franks also failed to submit a notice of past due findings of fact and conclusions of law to the trial court as required by law. *See* TEX. R. CIV. P. 297 (noting that if trial court fails to issue findings within twenty days of request, appellant must file notice of past due findings of fact and conclusions of law within thirty days after filing original request). Therefore, because Franks's request was untimely, and he failed to submit a notice of past due findings, we hold Franks has waived his right to complain on appeal. *See Las Vegas Pecan & Cattle Co. v. Zavala Cnty*, 682 S.W.2d 254, 255–56 (Tex. 1984); *Guthrie*, 45 S.W.3d at 722.

Even if we were to consider Franks's argument, we hold the trial court did not err in failing to issue findings of fact and conclusions of law in this case. "A trial court does not err

when it fails to issue findings of fact and conclusions of law in a proceeding in which there are no factual disputes to resolve and the legal conclusions have already been stated in the motions." *In re Guardianship of Archer*, 203 S.W.3d 16, 20 (Tex. App.—San Antonio 2006, pet. denied); *see IKB Industries v. Pro-Line*, 938 S.W.2d 440, 443 (Tex. 1997) (noting party is not entitled to findings of fact and conclusions of law when court renders judgment as matter of law, such as in dismissal for want of jurisdiction without evidentiary hearing); *see also Awde v. Dabeit*, 938 S.W.2d 31, 33 (Tex. 1997) (noting findings of fact and conclusions of law would serve no purpose when court dismissed case without jurisdiction based on pleadings rather than sworn testimony). As in *Awde*, the trial court in this case granted the plea to the jurisdiction based on the legal grounds contained in the pleadings, namely governmental immunity, which did not require an inquiry into the facts. Accordingly, we hold the trial court did not err in failing to issue findings of fact and conclusions of law in this case, and overrule Franks's third point of error.

### *Dismissal with Prejudice*

Finally, Franks contends the court erred in dismissing his claims with prejudice. "In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). However, if the pleadings affirmatively negate jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend his petition. *Miranda*, 133 S.W.3d at 227; *Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., Inc.*, 321 S.W.3d 168, 173 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Thus, when there is a lack of subject matter jurisdiction due to governmental immunity, as in this case, dismissal with prejudice is proper. *See Sykes*, 136 S.W.3d at 639. Because Franks's claims are barred by governmental immunity, and Franks

cannot cure this defect, we hold the trial court did not err in dismissing Franks's claims with prejudice.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice