

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00594-CV

**IN THE INTEREST OF R.F. III**, a Minor Child[1]

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01485
Honorable Richard Garcia, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  January 29, 2014

AFFIRMED

Appellant Raymundo F. appeals the trial court's order terminating his parental rights to

R.F. III, a minor child.  On appeal, Raymundo argues (1) the trial court's decision to proceed with

the termination hearing in his absence was an abuse of discretion and (2) the trial court's decision

to terminate Raymundo's parental rights, without providing Raymundo any meaningful way to

participate in the proceedings, violated Raymundo's due process rights.  Because Appellant failed

to follow the Texas Rules of Civil Procedure governing a continuance, the trial court did not abuse

its discretion in denying the motion for continuance.  Additionally, because the record does not

---

[1] This termination matter originally involved three children and was styled *In the Interest of J.R.P.R., et al.*  However, Appellant Raymond F. is not the father of the child denominated in the style, but is only the father of R.F. III. Accordingly, we have altered the style contained in the papers below to accurately reflect R.F. III, the child at issue on appeal.

indicate any offer of proof was made to the trial court regarding Raymundo's absence, the trial court's decision to terminate Raymundo's parental rights in his absence did not violate Raymundo's due process rights. We affirm the trial court's judgment.

## PROCEDURAL HISTORY

On June 26, 2012, the Department filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. Raymundo was incarcerated throughout the entire proceedings. The case was initially set for hearing on June 3, 2013. On that day, Raymundo's counsel requested a continuance, which was not contested by the Department because of pending DNA testing results. The case was continued to June 28, 2013. On June 26, 2013, Raymundo's counsel filed a Motion for Continuance and also sought a bench warrant for Raymundo's participation in the hearing. At the time, Raymundo was being held at the GEO Correction Facility in San Antonio. In the motion, Raymundo's counsel set forth why Raymundo's personal participation was important, what his testimony would be, and how it would be relevant to the matters at hand. Raymundo's counsel also filed several letters with the court regarding Raymundo's love for his son, his desire for the child's placement with one of Raymundo's relatives, and his attempts to comply with the court-ordered service plan.

The trial court signed the bench warrant on June 27, 2013, directing the *warden of GEO Corrections Facility* to make arrangements for Raymundo to participate in the termination hearing set for June 28, 2013, *via video-link*. The termination hearing, however, was reset to July 29, 2013. On July 3, 2013, the trial court signed a new bench warrant ordering the Bexar County Sheriff's Office to produce Raymundo, *in person*, from the San Antonio facility for the July 29th hearing.

On July 19, 2013, Raymundo was transferred to a facility in Oklahoma City and then subsequently transferred to another facility in another state. Neither his counsel nor his Department caseworker was ever made aware of the transfer, the date of his transfer, or the name

of the facility to which Raymundo was moved. The July 29, 2013 hearing was again postponed until August 14, 2013, based on Raymundo's absence and lack of contact between Raymundo and his counsel. The record does not contain any request for the trial court to issue a new bench warrant for Raymundo's appearance, either in person or by video link, at the last scheduled hearing.

On the day of the August 14, 2013 hearing, Raymundo's counsel again announced "not ready" on the grounds that Raymundo was not present. The trial court denied the "not ready" announcement and proceeded with the hearing. After the hearing, the trial court signed an order terminating Raymundo's parental rights based on findings that Raymundo (1) constructively abandoned R.F. III and (2) failed to comply with the provisions of the court-ordered service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O) (West Supp. 2013). The trial court also determined parental termination would be in R.F. III's best interest. *See id.* § 161.001(2). After his parental rights were terminated, Raymundo perfected this appeal.

Raymundo does not challenge the sufficiency of the evidence to support the termination of his parental relationship with R.F. III. Instead, he contends that the trial court erred by denying his counsel's "not ready" announcement and failing to issue a new bench warrant for his appearance.

### TRIAL COUNSEL'S NOT READY ANNOUNCEMENT

Raymundo contends that because his counsel obtained a signed bench warrant from the trial court on July 3, 2013, Raymundo should have been brought to the August 14th hearing. The record, however, shows that at the August 14th hearing, his counsel announced "not ready" on the grounds that the necessary arrangements were never made to secure Raymundo's participation during the hearing. Raymundo nonetheless asserts the trial court abused its discretion in proceeding with the termination hearing in his absence when it previously granted a bench warrant for the original hearing date. He argues that when the trial court discovered the State's failure to

produce Raymundo pursuant to the bench warrant, the trial court should have reset the matter and compelled the State to comply with the July 3, 2013 bench warrant to appear or at least procure Raymundo's testimony by some other means.

In response, the State contends Raymundo's counsel never sought a new bench warrant for the August 14th hearing and counsel's "not ready" request failed to comply with the rules of procedure governing continuances. *See* TEX. R. CIV. P. 251, 252; *In re A.D.A.*, 287 S.W.3d 382, 387 (Tex. App.—Texarkana 2009, no pet.); *see also Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). We agree with the State.

## A. Motion for Continuance

We interpret the announcement of "not ready" by Raymundo's counsel as a motion for continuance. *See In re K.L.L.*, No. 07-99-0014-CV, 1999 WL 989582, at \*2 (Tex. App.—Amarillo Oct. 27, 1999, no pet.) (not designated for publication) (considering "father's announcement of not ready . . . tantamount to a request for a continuance").

Texas Civil Procedure Rule 251 provides as follows, in pertinent part: "No application for a continuance shall . . . be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251; *see Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied). Rule 252 further provides that if the continuance is requested based on the testimony of an absent person,

> . . . the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure . . . and also state that the continuance is not sought for delay only, but that justice may be done.

TEX. R. CIV. P. 252.

- 4 -

**B.     Standard of Review**

In a termination of parental rights case, an appellate court reviews a trial court's denial of a motion for continuance for an abuse of discretion. *See In re E.L.T.*, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An appellate court will sustain the trial court's determination absent a finding that "the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)). We remain mindful that simply faced with a decision that this court might have ruled differently under the same circumstances does not warrant a conclusion that the trial court abused its discretion. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see Low*, 221 S.W.3d at 620.

A trial court is presumed to have correctly exercised its discretion when it denies a motion that does not comply with the requirements of Rule 251 of the Texas Rules of Civil Procedure, including not made in writing, verified, or supported by an affidavit. *See Villegas*, 711 S.W.2d at 626; *Serrano*, 241 S.W.3d at 564; *E.L.T.*, 93 S.W.3d at 375 (holding that because appellant in termination of parental rights case did not comply with rule 251, the trial court did not abuse its discretion by denying her motion for continuance). Raymundo does not contend his counsel filed a written motion for continuance, much less a verified motion or an affidavit.

**C.     Analysis**

*1.     Failure to Procure Bench Warrant*

We first address whether the bench warrant signed on July 3, 2013, is evidence of the trial court's previous determination that Raymundo's presence was required. Raymundo points to *In re Z.L.T.*, 124 S.W.3d 163 (Tex. 2003), for the proposition that "litigants cannot be denied access to the courts simply because they are inmates." *Id.* at 165. "However, an inmate does not have an absolute right to appear in person in every court proceeding." *Id.*; *In re D.C.C.*, 359 S.W.3d 714,

- 5 -

716 (Tex. App.—San Antonio 2011, pet. denied). To the contrary, "the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity." *In re Z.L.T.*, 124 S.W.3d at 165; *In re D.C.C.*, 359 S.W.3d at 716.

The Texas Supreme Court further outlined the factors to be considered when a bench warrant is requested:

> [1] cost and inconvenience of transporting the prisoner to the courtroom; [2] the security risk the prisoner presents to the court and public; [3] whether the prisoner's claims are substantial; [4] whether the matter's resolution can reasonably be delayed until the prisoner's release; [5] whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; [6] whether the prisoner's presence is important in judging his demeanor and credibility; [7] whether the trial is to the court or a jury; and [8] the prisoner's probability of success on the merits.

*In re Z.L.T.*, 124 S.W.3d at 165–66; *accord In re R.S.*, 252 S.W.3d 550, 553–54 (Tex. App.—Texarkana 2008, no pet.). The inmate further bears the burden "to justify the necessity of his presence by producing the information showing the above-listed factors." *In re R.S.*, 252 S.W.3d at 554 (citing *In re Z.L.T.*, 124 S.W.3d at 166).

When Raymundo's counsel originally requested the bench warrant, Raymundo was being held at a facility in San Antonio. Therefore, the cost of procuring Raymundo's presence was minimal. Yet, when the case was called on July 29, 2013, as well as on August 14, 2013, all parties understood that Raymundo had been transferred out of the Texas facility and was presumably in another state. Although Raymundo now argues the previous bench warrant is evidence that proceeding in his absence was an abuse of discretion, we disagree. Without further evidence as to the judge's reasons for issuing the previous bench warrant or the location and costs associated with procuring Raymundo's testimony at the time of the August 14th hearing, we cannot assume the trial court would have made the same determination with regard to signing an application for a bench warrant. *See In re Z.L.T.*, 124 S.W.3d at 166; *In re R.S.*, 252 S.W.3d at 554.

The record does support (1) that the trial court took judicial notice of the letters and statements written by Raymundo and proffered by his counsel and (2) that Raymundo was represented at all hearings by counsel. Additionally, Raymundo's counsel neither suggested that Raymundo's testimony would have been different than the copious letters included in the record nor made an objection to the trial court's failure to order a new bench warrant. *See In re R.S.*, 252 S.W.3d at 554.

The trial court's decision to order a bench warrant on July 3rd was for a hearing scheduled on July 29, 2013, and Raymundo was being held in San Antonio at the time. This decision does not mandate a conclusion that the trial court's subsequent decision to proceed on the August 14, 2013 termination hearing in Raymundo's absence, when no bench warrant was requested, was an abuse of discretion. *See id.*

### 2. *Not Ready Announcement*

We next turn to Raymundo's counsel's "not ready" announcement. Here, Raymundo's counsel announced, "I've had no contact [with Raymundo] since the last continuance and I'm not ready." She continued that Raymundo was transferred out of state and that she did not have any contact information for him and "that was one of my questions for the caseworker." The trial court noted the case was reset because Raymundo was unavailable at the last setting and then confirmed with counsel that counsel was properly served. After the Department presented its case through the caseworker, the trial court announced, "the not ready's denied." Raymundo's counsel made no further objections. After the close of evidence, Raymundo's counsel argued,

> . . . I don't see what problem there would be continuing this a little bit longer. . . . [T]he outcome of this case could have been different, with regard to the placement of the Child.
> . . . .
> . . . I need to communicate with the client, and we just don't know his whereabouts right now.

Based on Raymundo's counsel's request, the court also took judicial notice of Raymundo's letters and statements in the court's file. No written motion was filed, no verification provided, and most importantly no affidavit or offer of any proof was presented that such testimony was material and that Raymundo's counsel used due diligence to procure Raymundo's testimony. *See* TEX. R. CIV. P. 251, 252.

Accordingly, the trial court did not abuse its discretion in denying the motion. *See In re G.A.H.*, No. 02-11-00015-CV, 2011 WL 4711980, at *4 (Tex. App.—Fort Worth 2011, no pet.) (mem. op.); *In re C.P.V.Y.*, 315 S.W.3d 260, 270 (Tex. App.—Beaumont 2010, no pet.); *see also In re Z.C.*, 280 S.W.3d 470, 478 (Tex. App.—Fort Worth 2009, pet. denied) (per curiam) (holding that where the motion for continuance was unsworn and not supported by an affidavit, "under the plain language of the rule, the trial court was without discretion to grant it"). Raymundo's first issue on appeal is overruled.

**RIGHT TO PARTICIPATE IN THE**
**TRIAL TO TERMINATE HIS PARENTAL RIGHTS**

Raymundo next argues that the Due Process clauses of both the United States and the Texas Constitutions guarantee his right to participate in a hearing to terminate his parental rights. He further asserts the trial court's decision to terminate his parental rights, in the face of a timely request for such participation, without providing Raymundo any meaningful way to participate in the proceedings, violated his due process rights.

**A.      Standard of Review**

"When a trial court's failure to act on an inmate's request for participation, in person or by other means, effectively bars the inmate from presenting his case, the trial court abuses its discretion." *Larson v. Giesenschlag*, 368 S.W.3d 792, 796 (Tex. App.—Austin 2012, no pet.); *accord In re D.L.D.*, 374 S.W.3d 509, 513–14 (Tex. App.—San Antonio 2012, no pet.).

**B.      Inmate's Right to Attend**

Termination of parental rights involves fundamental constitutional rights. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *In re G.M.*, 596 S.W.2d 846, 846–47 (Tex. 1980).  Because parental termination forever divests the parents of all rights to the children, these rights are of constitutional dimension and proceedings that seek to terminate those rights are strictly scrutinized. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *In re D.G.*, 5 S.W.3d 769, 771 (Tex. App.—San Antonio 1999, no pet.).  An inmate's right to be present during court proceedings must be carefully scrutinized because of the importance of the parent-child relationship. *In re D.S.*, 82 S.W.3d 743, 746–47 (Tex. App.—Corpus Christi 2002, no pet.); *see In re D.C.C.*, 359 S.W.3d at 716–17.

As a constitutional matter, litigants may not be denied reasonable access to the courts simply because they are inmates. *In re Z.L.T.*, 124 S.W.3d at 165; *In re D.C.C.*, 359 S.W.3d at 716.  However, this does not mean an inmate "has an absolute right to appear in person in every court proceeding. *See In re Z.L.T.*, 124 S.W.3d at 165; *In re D.L.D.*, 374 S.W.3d at 513.

**C.      Analysis**

This case is remarkably similar to the procedural situation in *In re D.C.C.* wherein the appellant was not present at the hearing because "she was moved from the Bexar County [J]ail to another facility without counsel's knowledge." *In re D.C.C.*, 359 S.W.3d at 718 (Simmons, J., concurring).  Like in this case, trial counsel did not file a motion for continuance or make any offer of proof regarding his client's absence or his client's need to testify. *Id.*  The same is true of this case.  Raymundo was moved to another facility, but the record does not indicate that his counsel took any actions to locate Raymundo or make an offer of proof before the trial court regarding Raymundo's absence.  On the record presented before this court, the trial court's decision to terminate Raymundo's parental rights did not violate Raymundo's due process rights. *See In re Z.L.T.*, 124 S.W.3d at 165; *see also In re D.W.*, 353 S.W.3d 188, 193 (Tex. App.—Texarkana

2011, pet. denied) (concluding no abuse of discretion in denying motion for continuance where mother had not been in contact with her attorney and her whereabouts could not be determined at the time of trial).

## CONCLUSION

Because Raymundo's counsel's "not ready" announcement did not comply with Rules 251 and 252, we cannot conclude that the trial court abused its discretion. Further, given Raymundo's counsel's failure to make an offer of proof regarding Raymundo's need to testify, the trial court's decision to terminate Raymundo's parental rights in his absence did not violate his due process rights. Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice