

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00076-CV

**IN RE J.D.R.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-02916
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:     Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  July 13, 2016

AFFIRMED

Patricia appeals the trial court's termination of her parental rights to J.D.R.[1] She argues (1) the trial court erred by denying her oral motion for continuance and thereby violated her right to participate at trial; and (2) her counsel was ineffective. We affirm the trial court's judgment.

## BACKGROUND

The Department of Family and Protective Services filed a petition for conservatorship and to terminate Patricia's parental rights to J.D.R. After Patricia filed an affidavit of indigence, the trial court appointed her an attorney ad litem. During the course of the proceedings, Patricia was arrested for a federal offense. At the bench trial on the Department's petition, Patricia's counsel

---

[1] To protect the identity of the minor children, we refer to the child's mother by her first name and to the child by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

announced "not ready" because Patricia was incarcerated and counsel was unable to make arrangements for Patricia to participate telephonically. The trial court proceeded to hear evidence on the Department's petition despite Patricia's "not ready" announcement, stating:

> All right. [The child] is one years old -- or ten months old, and the law says these cases have to be resolved within a year, and I've already reset this one time to go beyond a year. Right now if you look at the scorecard of appearances [Patricia's counsel] has been at every hearing and mom's not been to one; not a single one. So we've had one, two, three, four, five hearings prior to today on this matter, and the scorecard reads [Patricia's counsel] five, [Patricia] zero as far as appearance.
>
> She used the federal warrant to not appear because she didn't want to face the consequences of that, which meanwhile [the child] has spent his entire life in foster care. So I understand the due process concern. I'm respecting it, but at some point the due process is used more as a weapon to delay the best interest of this child, rather than as a way of preserving rights and stuff. It's been used throughout this case and manipulated to her benefit. It was used as a way to not come to court because she didn't want to face the consequences of the federal warrant, which caused the first reset.

At trial, Department caseworker Ismael Banda testified that after J.D.R. was removed, he was unable to locate Patricia because she was a fugitive. He testified Patricia's family and J.D.R.'s father would not provide him with any information to contact Patricia. Banda further testified he was able to contact Patricia only the day before trial and Patricia told him she avoided contact with the Department because she did not want to go to prison.

The Department presented evidence that when J.D.R. was born, he tested positive for amphetamines and opiates. While J.D.R. was staying in the hospital to receive drug treatment, Patricia left the hospital and did not return. Patricia admitted to a Department investigator that she used methamphetamines and Hydrocodone regularly throughout her pregnancy. Patricia also did not have any visits with J.D.R. The trial court signed an order terminating Patricia's parental rights and appointed the Department permanent managing conservator. Patricia appeals.

**PATRICIA'S "NOT READY" ANNOUNCEMENT**

Patricia argues the trial court erred by proceeding despite her attorney's "not ready" announcement. We interpret a "not ready" announcement as a motion for continuance. *In re R.F.*, 423 S.W.3d 486, 489 (Tex. App.—San Antonio 2014, no pet.). "[W]e review the trial court's denial of a motion for continuance for an abuse of discretion." *In re E.L.M.M.*, No. 04-15-00001-CV, 2015 WL 1914770, at *1 (Tex. App.—San Antonio Apr. 15, 2015, no pet.) (mem. op.). "An appellate court will sustain the trial court's determination absent a finding that the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Id.* (internal quotes omitted).

Under Texas Rule of Civil Procedure 251, "A motion for continuance shall not be granted except for sufficient cause supported by an affidavit, consent of the parties, or by operation of law." *Id.* at *2 (citing TEX. R. CIV. P. 251). "If a motion for continuance is not made in writing and verified, it will be presumed that the trial court did not abuse its discretion in denying the motion." *Id.* Here, the record does not contain a written motion or supporting affidavit. Because Patricia's motion for continuance did not comply with Rule 251, we cannot conclude that the trial court abused its discretion by denying the motion. *See id.*

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Patricia argues her counsel was ineffective by not taking steps to secure her participation at trial, not filing an appropriate motion that would require the trial court's consideration and preserve the issue for appeal, and not providing the trial court with factual information to assess the necessity of Patricia's appearance at trial. The statutory right to counsel in parental-rights termination cases includes a right to effective counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). In analyzing the effectiveness of counsel in a parental-rights termination case, Texas courts follow the standard established in *Strickland v. Washington. Id.* at 544-45 (citing *Strickland v.*

*Washington*, 466 U.S. 668 (1984)). Under *Strickland*'s test, the appellant must show (1) counsel's performance was deficient; and (2) the deficiency prejudiced the appellant's defense. *Id.* at 545. We will not conclude an appellant received ineffective assistance of counsel unless the appellant satisfies both prongs of the *Strickland* test. *Id.*

Under *Strickland*'s first prong, an appellant must show trial counsel's performance fell below an objective standard of reasonableness. *Id.* at 549. Only when counsel's "conduct was so outrageous that no competent attorney would have engaged in it" will the challenged conduct constitute deficient performance. *Id.* at 545. We indulge a strong presumption that trial counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *Id.* An appellant bears the burden to overcome this presumption. *See id.* at 549. Under *Strickland*'s second prong, an appellant must show there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 549-50. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

The record shows Patricia avoided the Department and court hearings because she was a fugitive and did not want to go to prison. Department caseworker Banda and Patricia's counsel stated they were able to make contact with Patricia only the day before trial. On this record, we cannot say Patricia has overcome the strong presumption that her counsel's conduct fell within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *See In re M.S.*, 115 S.W.3d at 549. The record also shows the trial court considered the merits of the "not ready" announcement as a motion for continuance. The trial court's reasons for denying a continuance were based not on the lack of a written motion, supporting affidavit, or factual information about the necessity of Patricia's appearance, but on Patricia's conduct of evading the Department and judicial proceedings to avoid being arrested. On this record, we cannot say there

is a reasonable probability that, had Patricia's attorney filed a proper motion or provided the trial court with factual information about the necessity of her appearance, the outcome of the proceeding would have been different. *See id.* at 549-50.

**CONCLUSION**

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice