

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00241-CV

**IN THE INTEREST OF J.E.P.** and E.D.P., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00213
Honorable Karen Crouch, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 10, 2018

AFFIRMED

Mom and Dad separately appeal the trial court's order terminating their parental rights to their children J.E.P. and E.D.P.[i]  In his only issue, Dad argues that the trial court erred in granting a one-time extension of the mandatory dismissal date.  In her three issues, Mom argues the evidence is legally and factually insufficient to support the trial court's statutory grounds findings.

We affirm the trial court's order.

### DAD'S SOLE ISSUE

Dad argues the trial court abused its discretion by extending the mandatory dismissal date. He contends he was denied due process because the Texas Department of Family and Protective Services did not file a motion to extend the deadline, and the trial court did not hold a hearing on

---

[i] To protect the minors' identities, we refer to the parents and the children using aliases.  *See* TEX. R. APP. P. 9.8.

the extension. He also complains that the Department presented no evidence at the February 20, 2018 hearing to show that extraordinary circumstances necessitated the children remaining in the Department's conservatorship or that an extension was in the best interest of the children.

The Department responds that the trial court did not violate Dad's due process rights because the statute does not require a hearing on the extension or the trial court to explicitly state the extraordinary circumstances supporting the order. The Department notes that Dad and his counsel attended a permanency hearing at which the trial court and the parties discussed the extension and, based on the discussions, the trial court retained the case on the docket beyond the one-year dismissal date.

## A. Standard of Review

"We review a trial court's decision to grant or deny an extension of the dismissal date under the abuse of discretion standard." *In re A.J.M.*, 375 S.W.3d 599, 604 (Tex. App.—Fort Worth 2012, pet. denied) (citing *In re D.W.*, 249 S.W.3d 625, 647 (Tex. App.—Fort Worth 2008, pet. denied)); *In re C.A.L.B.*, No. 04-17-00250-CV, 2017 WL 4272351, at *1 (Tex. App.—San Antonio Sept. 27, 2017, pet. denied) (mem. op.). "An appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *accord In re R.F. III*, 423 S.W.3d 486, 490 (Tex. App.—San Antonio 2014, no pet.). "The mere fact that a trial judge may decide a matter within [her] discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985); *accord In re D.W.*, 249 S.W.3d at 647.

**B.      Applicable Law**

*1.      One Year Deadline*

Family Code section 263.401 directs that a Department's suit to terminate a parent's rights to a child be completed within one year after the suit is filed, but it also creates an exception.

> (b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child.  If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a).  If the court retains the suit on the court's docket, the court shall render an order in which the court:
>
> > (1) schedules the new date on which the suit will be dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);
> >
> > (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and
> >
> > (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

Act of May 29, 2015, 84th Leg., ch. 944, § 38, 2015 Tex. Sess. Law Serv. 3268, 3283 (West) (amended 2017) (current version at TEX. FAM. CODE § 263.401(b)); *see In re B.G.*, 317 S.W.3d 250, 258 (Tex. 2010) ("Section 263.401 allows a year for trial, plus an additional 180 days in extraordinary circumstances.").

*2.      Motion to Dismiss Required*

For cases filed up through August 31, 2017, Family Code section 263.402 requires the party seeking dismissal of the suit to file a motion to dismiss.

> (b) A party to a suit under this chapter who fails to make a timely motion to dismiss the suit under this subchapter waives the right to object to the court's failure to dismiss the suit.  A motion to dismiss under this subsection is timely if the motion is made before the trial on the merits commences.

Act of May 27, 2007, 80th Leg., ch. 866, § 3, 2007 Tex. Gen. Laws 1837, 1838 (amended 2017) (current version at TEX. FAM. CODE § 263.402).

      *3.      No Hearing, Explanation of Extraordinary Circumstances Required*

"[T]he plain language of section 263.401 does not require the trial court to conduct a hearing before granting an extension." *In re J.G.K.*, No. 02-10-00188-CV, 2011 WL 2518800, at *35 (Tex. App.—Fort Worth June 23, 2011, no pet.) (mem. op.) (citing TEX. FAM. CODE ANN. § 263.401).

Further, the statute does not require the trial court's order granting a one-time extension to state the extraordinary circumstances supporting the order. *See* TEX. FAM. CODE ANN. § 263.401(b); *M.U. v. Tex. Dep't of Family & Protective Servs.*, No. 03-13-00655-CV, 2014 WL 1018139, at *3 (Tex. App.—Austin Mar. 13, 2014) (mem. op.) ("Although the district court did not explicitly state in its order what, specifically, those extraordinary circumstances were, there is no statutory requirement that the district court do so."), *opinion supplemented on overruling of reh'g*, No. 03-13-00655-CV, 2014 WL 1576886 (Tex. App.—Austin Apr. 18, 2014, no pet.); *In re J.G.K.*, 2011 WL 2518800, at *35; *In re A.T.S.*, No. 12-07-00196-CV, 2008 WL 2930392, at *18 (Tex. App.—Tyler July 31, 2008, no pet.) (mem. op.).

**C.    Discussion**

After the Department filed its suit, the trial court signed a temporary order appointing the Department as the children's temporary managing conservator on February 23, 2017. By statute, the dismissal date was February 26, 2018. *See* TEX. FAM. CODE ANN. § 263.401(a); *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006). During the pendency of the case, the trial court held several permanency hearings.

In late January 2018, the trial court set the trial on the merits for February 20, 2018. On that date, all the parties appeared and announced ready, but Dad objected to the Department's live

pleading as defective. The trial court granted the Department leave to amend, and the parties and the court discussed whether the trial court should grant a one-time extension.

The trial court proposed to set the trial on February 26, 2018, the last day within the deadline, but Dad's counsel had a trial setting on that date. Dad's counsel chose not to go to trial on that date, and the trial court accommodated Dad's counsel's schedule.

In its February 20, 2018 order, the trial court retained the suit on the court's docket, found that extraordinary circumstances necessitated the continuing appointment of the Department as the children's conservator, set a new date on which the suit would be dismissed that was less than 180 days after the date defined by Subsection (a), and set the cause for trial on April 9, 2018. *See* TEX. FAM. CODE ANN. § 263.401(a); *In re J.L.C.*, 194 S.W.3d 667, 672 (Tex. App.—Fort Worth 2006, no pet.). The trial court's order did not state the extraordinary circumstances, but it was not required to do so. *See* TEX. FAM. CODE ANN. § 263.401(b); *M.U.*, 2014 WL 1018139, at *3; *In re J.G.K.*, 2011 WL 2518800, at *35.

The trial court had sufficient evidence in the record to conclude that extraordinary circumstances warranted a one-time extension and it was in the children's best interests to grant it. *See In re J.G.K.*, 2011 WL 2518800, at *35. Moreover, by rejecting the trial court's proposal to begin trial on February 26, 2018, Dad effectively agreed to the extension. *Cf. In re J.L.C.*, 194 S.W.3d at 673 ("A party who requests the trial court to reset the trial date beyond the original one-year deadline set out in 263.401(a) has agreed to an extension under section 263.401(b).").

Even if Dad did not expressly agree to it, the trial court acted within its discretion to grant the extension. *See In re A.J.M.*, 375 S.W.3d at 604. We overrule Dad's sole issue.

## MOM'S SUFFICIENCY CHALLENGES

### A.    Parties' Arguments

Mom does not appeal the trial court's finding that terminating her parental rights to the children was in the children's best interests.  Instead, in three separate issues, she argues the evidence was neither legally nor factually sufficient for the trial court to have found by clear and convincing evidence that her conduct met any of the three statutory grounds, i.e., (D), (E), and (O), which the trial court used to terminate her parental rights.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E).  She contends there was no evidence that she was *aware* that allowing the children to live in the same home as Dad was a condition that endangered the physical or emotional well-being of the children or that *she* engaged in conduct that endangered her children's physical or emotional well-being.

The Department responds that the evidence, including Mom's admission she knew Dad was convicted of sexually abusing a young child, was a registered sex offender, and was continuing to view violent child pornography, and her actions in continuing to return to a relationship with Dad despite his drug abuse and the risk of Dad sexually abusing her children, was legally and factually sufficient evidence to support the trial court's findings on the statutory grounds.

### B.    Evidence Required, Standards of Review

For a suit to terminate a parent's rights to a child, the evidentiary standards[1] the Department must meet, the statutory grounds[2] the trial court must find, and the legal[3] and factual[4] sufficiency standards of review are well established.  We apply them here.

### C.    Witnesses at Trial

At the two-day bench trial, the court heard testimony from two Department workers, a counselor, a licensed counselor, a Bexar County Sheriff's Office investigator, Dad, and Mom.  The court also received recommendations from the children's attorney ad litem.

The trial court was the "sole judge[] of the credibility of the witnesses and the weight to give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). The trial court found by clear and convincing evidence that (1) Mom's conduct met the grounds stated in paragraphs (D), (E), and (O), *see* TEX. FAM. CODE ANN. § 161.001(b)(1) (West Supp. 2017), and (2) terminating Mom's parental rights was in the best interests of the children, *see id.* § 161.001(b)(2).

We recite some of the evidence, which is probative for each of the statutory grounds. *Cf. In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b).

**D.      Grounds (D), (E)**

The trial court heard evidence pertaining to whether Mom "knowingly placed or knowingly allowed [her children] to remain in conditions or surroundings which endanger[ed] the physical or emotional well-being of the child[ren]." *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D). The same evidence applied to whether Mom "knowingly placed the child[ren] with persons who engaged in conduct which endangers the physical or emotional well-being of the child[ren]." *See id.* § 161.001(b)(1)(E).

*1.      Sheriff's Office Criminal Investigator*

The investigator testified that he inspected Dad's cell phone and found hundreds of images of child pornography which depicted children in sexually explicit positions. Some of the children depicted were as young as infants, others were prepubescent teenage girls. The vast majority of the images were of females, but a few images were of young boys.

*2.      Mom's Testimony*

Mom admitted she knew before she married Dad that he was a registered sex offender who had been convicted of aggravated sexual assault of a child—an eight-year-old girl. *See In re T.A.S.*,

No. 05-15-01101-CV, 2016 WL 279385, at \*5 (Tex. App.—Dallas Jan. 22, 2016, no pet.) (mem. op.) (affirming termination of Mom's rights because, inter alia, "Mother had been [knowingly] living with a registered sex offender and refused to have him leave"). She acknowledged that, about one month before the Department removed the children, she found out Dad had child pornography on his cell phone. She knew Dad was viewing child pornography, including violent child pornography, and testified that "the thought of it makes me sick." She knew Dad had a history of drug abuse, Dad admitted to his counselor that he was using drugs before the children were removed, and Dad was still struggling with drug abuse and child pornography. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E); *In re S.M.L.*, 171 S.W.3d 472, 477 (Tex. App.— Houston [14th Dist.] 2005, no pet.) ("[A] parent need not know for certain that the child is in an endangering environment; awareness of such a potential is sufficient.").

### 3. Department Case Worker Testimony

One of the Department case workers testified Mom was so concerned that Dad might abuse her children that Mom physically examined her children for signs of sexual abuse. The Department case worker also testified that Mom was not truthful about returning to her relationship with Dad, and the case worker did not believe Mom would protect the children from Dad. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E); *In re S.M.L.*, 171 S.W.3d at 477. The case worker recommended that the court terminate Mom's parental rights.

### 4. Children's Ad Litem Recommendation

The ad litem also recommended the court terminate Mom's parental rights because Mom's desire to turn back to her relationship with Dad—a registered sex offender with ongoing habits of abusing drugs and using child pornography, including violent pornography—outweighed Mom's commitment to protect her children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E); *cf. In re*

*A.F.*, No. 14-17-00394-CV, 2017 WL 4697836, at *10 (Tex. App.—Houston [14th Dist.] Oct. 19, 2017, no pet.) (mem. op.).

     *5.     Evidence is Sufficient*

Mom admitted she knew of Dad's previous aggravated sexual assault of a child, his drug abuse, and his ongoing viewing of child pornography and violent child pornography, yet she allowed her children to remain in the home with Dad. Despite Mom's denial that she did not physically examine her children for signs of sexual abuse by Dad, the trial court could have believed the Department worker's testimony that Mom said she was checking her children for signs of being sexually abused by Dad, *see In re H.R.M.*, 209 S.W.3d at 108, and the trial court could have determined that Mom knew her children were at risk, yet she allowed them to remain with a person and in conditions which endangered them.

Considering all the evidence in the appropriate light for each standard of review, we conclude that the trial court could have formed a firm belief or conviction that Mom's acts or omissions violated statutory grounds (D) and (E), and terminating Mom's parental rights to J.E.P. and E.D.P. was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E); *In re T.N.S.*, 230 S.W.3d 434, 438 (Tex. App.—San Antonio 2007, no pet.).

We overrule Mom's issues one and two.

Because a finding on a single ground is sufficient to support termination of a parent's rights, we need not address Mom's third issue—a challenge to ground (O). *See In re B.K.D.*, 131 S.W.3d 10, 16 (Tex. App.—Fort Worth 2003, pet. denied); *In re R.D.*, 955 S.W.2d 364, 367 (Tex. App.—San Antonio 1997, pet. denied).

## CONCLUSION

The trial court was not required to hold a hearing or state the extraordinary circumstances it found to grant a one-time extension; it acted within its discretion. We overrule Dad's sole issue.

Mom acknowledged that, before the children were removed, she allowed the children to be in the home with Dad—a registered sex offender with ongoing drug abuse and child pornography use. In counseling, she downplayed Dad's threat to the children and insisted she would protect the children. Nevertheless, the evidence was legally and factually sufficient to support the trial court's findings on grounds (D) and (E), and Mom did not challenge the best interests of the children findings. We overrule Mom's first and second issues, and we affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[1] Clear and Convincing Evidence. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that (1) the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code, and (2) terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b)(1). Here, the trial court found Mom's conduct met the following criteria or grounds:

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; [and]

. . . .

(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

*Id.* § 161.001(b)(1).

[3] Legal Sufficiency. When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *J.F.C.*, 96 S.W.3d at 266). If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient. *See id.* (quoting *J.F.C.*, 96 S.W.3d at 266).

[4] Factual Sufficiency. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *J.F.C.*, 96 S.W.3d at 266; *accord H.R.M.*, 209 S.W.3d at 108.