

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00607-CV

**IN THE INTEREST OF A.J.D.**, a Child

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 20-0025-CV-C
Honorable Thomas Nathaniel Stuckey, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Patricia O. Alvarez, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: May 26, 2021

AFFIRMED

Appellant C.G. appeals the trial court's order terminating his parental rights to his child, A.J.D.[1] On appeal, he argues the trial court abused its discretion by denying his motion for continuance. We overrule C.G.'s challenge to the denial and affirm the trial court's order of termination.

### BACKGROUND

In January of 2020, the Texas Department of Family and Protective Services removed A.J.D. from the home of his mother, P.D., and his alleged father, C.G. After removing A.J.D., the Department filed a petition to terminate C.G.'s and P.D.'s parental rights, obtained temporary

---

[1] To protect the privacy of the minor child, we refer to the parents and the child by their initials. TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

managing conservatorship over A.J.D., and placed A.J.D. with a foster family. On January 8, 2020, C.G. signed a waiver of service acknowledging he had been provided with a copy of the Department's petition.

The Department created service plans for C.G. and P.D., and both plans were incorporated into a court order. Additionally, the trial court ordered C.G. to undergo genetic testing to determine whether he was A.J.D.'s biological father. P.D. cooperated with the Department and engaged in services; other than submitting to the court-ordered genetic testing, C.G. did not. The Department's caseworker testified that she reached out to C.G. multiple times to try to engage him in services and visitations with A.J.D., but he told her "he wasn't the father until he was given a copy of the DNA test results."

On November 14, 2020, the Department notified C.G. that genetic testing indicated he was A.J.D.'s father. That same month, the parties participated in mediation, and the Department reviewed C.G.'s service plan with him. The Department's caseworker testified C.G. did not engage in any services after he received the genetic testing results.

On December 8, 2020, two days before trial, C.G. filed a motion for continuance. He argued he had been confirmed as A.J.D.'s father "[j]ust days prior to mediation," had "obtained updated information regarding services" during the mediation, and requested "an extension in order to complete services." C.G. attended the December 10, 2020 continuance hearing and trial setting via Zoom. The trial court heard testimony from C.G. and argument from counsel regarding C.G.'s request for a continuance. The trial court denied the continuance and held a one-day bench trial.

At the conclusion of the trial, the court found by clear and convincing evidence that C.G.'s parental rights to A.J.D. should be terminated under Texas Family Code section 161.001(b)(D),

(E), (N), and (O). It also found that termination of C.G.'s parental rights was in A.J.D.'s best interest. This appeal followed.[2]

## ANALYSIS

### *Standard of Review*

In a single issue, C.G. challenges the trial court's denial of his motion for continuance. In parental termination cases, we review the denial of a motion for continuance for an abuse of discretion. *In re R.F. III*, 423 S.W.3d 486, 490 (Tex. App.—San Antonio 2014, no pet.). We will sustain the trial court's ruling "absent a finding that the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Id.* (internal quotation marks omitted).

### *Applicable Law*

Texas Rule of Civil Procedure 251 provides that no continuance shall "be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. When a movant fails to comply with these requirements, we must presume the trial court did not abuse its discretion in denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re R.F. III*, 423 S.W.3d at 490. Additionally, the trial court may consider the entire procedural history of the case when deciding a motion for continuance. *In re A.L.H.*, No. 04-20-00452-CV, 2021 WL 1110612, at *2 (Tex. App.—San Antonio Mar. 24, 2021, no pet. h.) (mem. op.).

### *Application*

C.G.'s motion for continuance was not supported by an affidavit as required by Rule 251. TEX. R. CIV. P. 251. As a result, we must presume the trial court did not abuse its discretion when

---

[2] P.D. is not a party to this appeal. The Department abandoned its request to terminate her parental rights prior to trial and, at the Department's request, the trial court named her A.J.D.'s sole managing conservator.

it denied the motion. *See Villegas*, 711 S.W.2d at 626; *In re R.F. III*, 423 S.W.3d at 490. Moreover, the trial court stated it denied C.G.'s requested continuance based on, inter alia, "the argument of counsel." During the argument on C.G.'s motion for continuance, the Department's counsel explained "the Department is not in agreement" with the requested continuance because "[C.G.] did not complete any services prior to finding out that DNA confirmed him to be the father, and he has not engaged in any services since finding out." *See In re H.R.*, 87 S.W.3d 691, 701 (Tex. App.—San Antonio 2002, no pet.) (holding parent's prior failure to follow through with services supported denial of continuance).

C.G. testified that he was not sure if he was A.J.D.'s father until he received the genetic testing results in November of 2020, that he tried to arrange services as soon as he received the results, and that he would engage in services if the court granted a continuance. He also testified that the delay in confirming A.J.D.'s paternity was not his fault. However, the record shows C.G. signed a waiver of service on January 8, 2020. His waiver acknowledged he had received a copy of the Department's petition, which identified him as A.J.D.'s alleged father. Because C.G. was a "member of [A.J.D.'s] household" when the Department removed A.J.D., the trial court was permitted to order him to engage in services while he remained an alleged father. *See* TEX. FAM. CODE ANN. § 264.203; *In re J.W.*, 615 S.W.3d 453, 472 (Tex. App.—Texarkana 2020, no pet.). Based on this record, the trial court's denial of C.G.'s request for additional time to complete services was not arbitrary or unreasonable. *See In re A.L.H.*, 2021 WL 1110612, at *2–3.

We overrule C.G.'s challenge to the denial of his motion for continuance.

## CONCLUSION

Having overruled C.G.'s single issue, we affirm the trial court's order of termination.

Beth Watkins, Justice