

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00076-CV

**IN THE INTEREST OF J.R.R.**, a Child

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 20-2771-CV-C
Honorable Thomas Nathaniel Stuckey, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:          Patricia O. Alvarez, Justice
                  Beth Watkins, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: August 3, 2022

AFFIRMED

Appellant A.A. challenges the trial court's February 7, 2022 order terminating his parental rights to his child, J.R.R. (born 2020).[1] We affirm.

### BACKGROUND

In December of 2020, the Texas Department of Family and Protective Services removed J.R.R. shortly after birth because his mother, M.R., admitted she had used illegal drugs during her pregnancy, J.R.R.'s meconium tested positive for methamphetamines, and he showed signs of withdrawal. The Department obtained temporary managing conservatorship over J.R.R., placed him with his maternal grandmother, and filed a petition to terminate the parental rights of M.R.

---

[1] To protect the privacy of the minor child, we use initials to refer to the child and his biological parents. TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

and A.A. The Department also created a family service plan requiring A.A. to, inter alia, undergo random drug testing, complete a psychiatric evaluation and follow any recommendations from the evaluation, complete a parenting program, and maintain a safe and stable home. On December 30, 2020, following a hearing at which A.A. appeared through counsel, the trial court signed an order adopting the service plan as an order of the court. A.A. signed the service plan on February 1, 2021. As of February 24, 2021, A.A. had an appointment for a psychological evaluation, "but that was the extent of his participation" in the service plan, and the evidence shows that M.R., not A.A., scheduled that appointment for A.A. On March 11, 2021, A.A. was incarcerated for a parole violation.

The Department ultimately pursued termination of M.R.'s and A.A.'s parental rights. Thirteen months after removal, the trial court held a one-day bench trial at which A.A. appeared. A.A. was still incarcerated at that time, but before the presentation of evidence, A.A.'s appointed counsel stated that A.A. had indicated he would be released within thirty days. A.A.'s attorney orally requested a continuance "to allow [A.A.] to get out and for him to contact the caseworker to see about engaging in services . . . to see if he can step up and start being engaged in services." The trial court denied A.A.'s motion, then heard testimony from three witnesses: (1) a Department investigator; (2) the Department caseworker who was assigned to this case at the time of trial; and (3) A.A.

Following the trial, the court signed an order terminating A.A.'s parental rights pursuant to section 161.001(b)(1)(D), (E), (N), and (O) and its finding that termination of A.A's parental rights was in the best interest of J.R.R. A.A. appealed.[2]

---

[2] M.R. signed an affidavit voluntarily relinquishing her parental rights and is not an appellant here.

**ANALYSIS**

In his first issue, A.A. argues the trial court abused its discretion by denying his oral motion for continuance. In his second issue, he contends his trial counsel was ineffective because he did not file a written motion for continuance. A.A. does not challenge the legal or factual sufficiency of the evidence supporting the trial court's termination findings.

***Motion for Continuance***

*Standard of Review and Applicable Law*

We review a trial court's ruling on a motion for continuance for abuse of discretion. *In re R.F. III*, 423 S.W.3d 486, 490 (Tex. App.—San Antonio 2014, no pet.). A trial court does not abuse its discretion by denying a motion for continuance unless its ruling is arbitrary, unreasonable, or without reference to guiding rules or principles. *See id.* We may not conclude that a trial court abused its discretion simply because we might have ruled differently under the same circumstances. *See id.*

Texas Rule of Civil Procedure 251 provides, "No application for a continuance shall . . . be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. We presume a trial court "correctly exercised its discretion when it denies a motion that does not comply with the requirements of Rule 251 of the Texas Rules of Civil Procedure, including not made in writing, verified, or supported by an affidavit." *In re R.F. III*, 423 S.W.3d at 490.

*Application*

It is undisputed that A.A.'s counsel did not file a written motion for continuance that complied with Rule 251. TEX. R. CIV. P. 251. A.A. does not argue that the continuance was required by operation of law, and the record shows that the Department, M.R.'s attorney, and the attorney ad litem for J.R.R. all opposed a continuance. *See id.*; *see also In re J.P.-L.*, 592 S.W.3d

559, 576 (Tex. App.—Fort Worth 2019, pet. denied). Additionally, "[t]he goal of establishing a stable, permanent home for a child is a compelling government interest." *In re M.A.N.M.*, 75 S.W.3d 73, 77 (Tex. App.—San Antonio 2002, no pet.). For these reasons, we cannot conclude that the trial court abused its discretion by denying A.A.'s oral motion for continuance. *See In re J.P.-L.*, 592 S.W.3d at 576; *In re R.F. III*, 423 S.W.3d at 492. We overrule A.A.'s first issue.

### *Ineffective Assistance of Counsel*

In his second issue, A.A. contends that "if this court would have held that the trial court abused its discretion in denying [A.A.]'s continuance motion but for the failure to file a written motion, then this court should hold that trial counsel was ineffective for failing to file a written continuance motion."

### *Standard of Review and Applicable Law*

An indigent parent has a statutory right to appointed counsel during a termination proceeding filed by a governmental entity. TEX. FAM. CODE ANN. § 107.013(a)(1). That right includes the right to effective assistance of counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). To show his trial counsel was ineffective, A.A. must establish: (1) his trial counsel's performance was deficient; and (2) that deficient performance prejudiced his defense to the extent that he was deprived "of a fair trial . . . whose result is reliable." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *In re M.S.*, 115 S.W.3d at 545.

In reviewing the first prong of the *Strickland* test, we give great deference to counsel's performance and presume that his "conduct falls within the wide range of reasonable professional assistance, including the possibility that counsel's actions are strategic." *In re M.S.*, 115 S.W.3d at 545 (internal quotation marks omitted). "We will not speculate to find trial counsel ineffective when the record is silent on counsel's reasoning or strategy." *In re K.L.L.H.*, No. 06-09-00067-CV, 2010 WL 87043, at *6 (Tex. App.—Texarkana Jan. 12, 2010, pet. denied) (mem. op.). If an

appellant shows that his counsel's performance was deficient, the second prong of the *Strickland* test requires him to "establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different." *In re R.A.D.G.*, No. 10-14-00085-CV, 2014 WL 4960792, at *1 (Tex. App.—Waco Oct. 2, 2014, no pet.) (mem. op.). "'Reasonable probability' is that which is 'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). A failure to establish either prong of the *Strickland* test is fatal to an ineffective assistance claim. *In re M.S.*, 115 S.W.3d at 545.

*Application*

A.A. argues that no reasonable trial strategy could support his counsel's failure to file a written motion for continuance. As noted above, however, Rule 251 generally requires a written motion for continuance to be supported by an affidavit. TEX. R. APP. 251. Here, the record shows A.A.'s counsel did not have personal knowledge of the reason for the requested continuance: A.A.'s purportedly imminent release. Instead, he knew only what A.A. had told him. *See In re A.A.*, No. 05-07-01698-CV, 2008 WL 2514346, at *3 (Tex. App.—Dallas June 25, 2008, no pet.) (mem. op.) (concluding counsel "did not comply with the rules for filing a written motion for continuance because she had no personal knowledge of the facts" underlying the request).[3] Moreover, the record shows A.A. was incarcerated in east Texas during the trial and for several months before. Nothing in the record indicates that A.A.'s San Antonio-based counsel could have obtained an affidavit from A.A. during that time, and we will not speculate about the feasibility of obtaining A.A.'s affidavit in this time frame during a global pandemic. *See In re K.L.L.H.*, 2010 WL 87043, at *6. A.A.'s counsel therefore could have reasonably concluded that he could not file a written motion that complied with Rule 251. *See* TEX. R. CIV. P. 251; *In re A.A.*, 2008 WL

---

[3] The Dallas Court of Appeals's 2008 opinion in *In re A.A.* does not appear to have any connection to the appellant in this case.

2514346, at *3. For this reason, A.A. has not satisfied his burden on the first prong of the *Strickland* test. *See In re R.A.D.G.*, 2014 WL 4960792, at *2.

But even if we assume A.A.'s counsel performed deficiently by failing to comply with Rule 251, we conclude A.A. has not carried his burden on the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 687; *In re M.S.*, 115 S.W.3d at 545–46. Primarily, A.A. does not argue that the outcome of the trial would have been different if his trial counsel had filed a written motion for continuance. *See In re A.A.*, 2008 WL 2514346, at *3 (rejecting ineffective assistance claim because "there is nothing in the record to indicate a reasonable probability that appellant's parental rights would not have been terminated"). Instead, he suggests that if the trial court had terminated his parental rights after denying a written motion, he may have been able to challenge the legal and factual sufficiency of the trial court's findings under subsections (N) and (O). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O). We may not sustain an ineffective assistance claim based on an argument that is supported only by speculation. *In re K.S.*, 420 S.W.3d 852, 857 (Tex. App.—Texarkana 2014, no pet.).

Next, we note that the only reason A.A. gave for requesting a continuance was his desire for more time to complete his service plan. While he suggests that the denial of this additional time may have affected his ability to challenge the trial court's findings under subsections (N) and (O), he does not contend that more time to complete his service plan would have had any impact on the trial court's finding that termination was justified under subsections (D) and (E). *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E); *In re L.R.L.*, No. 04-16-00119-CV, 2016 WL 3625662, at *3 (Tex. App.—San Antonio July 6, 2016, no pet.) (mem. op.); *see also In re M.J.M.G.*, 543 S.W.3d 862, 864–65 (Tex. App.—San Antonio 2017, no pet.) (noting that when parent does not challenge all predicate grounds for termination, we must accept unchallenged predicate findings as true).

Finally, the record does not support a conclusion "that the trial court would have erred in denying a properly filed written motion." *Cf. Richardson v. State*, 606 S.W.3d 375, 384 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). In response to A.A.'s request for additional time to engage in his service plan, the trial court noted, "[W]e are already currently in an extension in this case. The Court granted an extension previously so that [A.A.] could become engaged in the case and for us to finally have DNA testing to establish paternity." The evidence presented at trial supports this statement. The trial court also heard testimony—albeit after it had already denied A.A.'s motion for continuance—that A.A. did not make any attempts to engage in services before he was incarcerated. Additionally, the evidence admitted at trial shows that the court had previously found that A.A. had not demonstrated adequate compliance with his service plan. Based on this record, we cannot say the trial court acted arbitrarily, unreasonably, or without reference to guiding rules or principles by denying A.A.'s request for additional time to work services. *See In re J.D.L.R.*, No. 04-11-00774-CV, 2012 WL 1364988, at *1–2 (Tex. App.—San Antonio Apr. 18, 2012, no pet.) (mem. op.) (trial court had discretion to deny parent's request for more time to complete her service plan). Because A.A. has not shown that the trial court would have erred by denying a written motion for continuance, he has not satisfied the second prong of the *Strickland* test. *Cf. Richardson*, 606 S.W.3d at 384; *see, e.g., Crowden v. Dep't of Family & Protective Servs.*, No. 01-07-00025-CV, 2009 WL 214581, at *4–5 (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, no pet.) (mem. op.).

We overrule A.A.'s second issue.

## CONCLUSION

Having overruled both of A.A.'s issues, we affirm the trial court's February 7, 2022 order of termination.

Beth Watkins, Justice